UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>DAILY OFFICE PRODUCTS, INC., an<br>Illinois corporation<br><br>Debtor(s) | BK No.: 11-19954<br><br>Chapter: 11<br><br>Honorable Jack B. Schmetterer |

## ORDER AUTHORIZING INTERIM USE OF
## CASH COLLATERAL AND GRANTING RELATED RELIEF

THIS MATTER COMING TO BE HEARD upon the Motion of DAILY OFFICE PRODUCTS, INC. an Illinois Corporation, Debtor/Debtor-in-Possession herein, For Authority to Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; no objections having been interposed; this Court having determined that the Debtor's use of cash collateral to cover the expenditures set forth on Exhibit A to the Motion is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion; and this Court being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

A) The Debtor is authorized to use cash collateral during the period May 19, 2011 through June 19, 2011 or such later date as may be agreed to by Bank of America, N.A. (the "Interim Period") to pay (i) actual, ordinary, and necessary expenses of the Debtor's business as described in the budget attached as Exhibit A hereto (the "Budget") and (ii) any other expenses approved by this Court. The Debtor shall be deemed to comply with the Budget so long as its total cash disbursements for the Interim Period do not exceed 110% of the total cash disbursement amounts provided for in the Budget for the Interim Period, or such higher amount to which lender Bank of America, N.A. (the "Lender") expressly consents. On or before the fifth business day before the expiration of this Interim Order, the Debtor shall provide counsel for the Lender a spreadsheet comparing the amount set forth on each line on the Budget with any actual disbursements related to each line (the "Variance Report").

B) In return for the Debtor's interim use of cash collateral, Lender and S.P. Richards are granted the following adequate protection for their asserted interests:

1. The Debtor will permit the Lender and S.P. Richards to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records; and Debtor's counsel will promptly supply copies of such records upon request to attorneys of the Lender and S.P. Richards, by overnight mail or by e-mail;

2. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft, water damage, and any other casualty events to the same extent and with the same coverage as such were maintained and paid prior to the Petition Date;

3. The Debtor shall, upon reasonable request, promptly make available to Lender and S.P. Richards any and all documentation relating to cash collateral or any other collateral for Debtor's indebtedness to

such parties;

4. The Debtor shall pay into an escrow account that is established at Lender or at such other bank as is acceptable to Lender sufficient funds for the payment of current real estate taxes relating to any real property owned by the Debtor. If such escrow account is not established at Lender, Debtor shall (a) provide the Lender with all account information upon its establishment; (b) provide the Lender with balance information on such account no later than five business days prior to the end of the Interim Period (the "Escrow Report"); and c) provide prior written notification to the Lender of all disbursements from such account;

5. The Debtor shall properly maintain in good repair and properly manage any real property it owns;

6. As adequate protection for any use or diminution in the value of Lender's interests in the Debtor's pre-petition assets (the "Lender's Pre-petition Collateral"), including the cash collateral subject to this Interim Order, the Lender is hereby granted, retroactive to the Petition Date and without the necessity of any additional documentation and filings, (a) replacement liens in all post-petition property of the Debtor, including all cash collateral, to the same extent, validity, and priority as the Lender had pre-petition in such property; (b) an adequate protection payment in the amount of $2010.79 each month, to be made in collected funds on or before the 10th of each month, with the first such payment due on June 10, 2011; and c) a priority claim pursuant to section 507(b) of the Bankruptcy Code for the diminution in value, if any, of Lender's interest in the Lender's Pre-petition Collateral; and

7. S.P. Richards shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of the Debtor's estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through June 19, 2011.

C. Other than as set forth above, all funds in or that come into Debtor's possession and control – other than cash collateral that is authorized to be used pursuant to this Interim Order and such funds that are paid as adequate protection pursuant to this Interim Order – shall be deposited promptly into the Debtor's business bank account and shall not be expended except in compliance with this Interim Order or other prior order of the Court. On or before the fifth business day before the expiration of this Interim Order, the Debtor shall provide counsel for the Lender a summary of all business receipts, and a specific record of each deposit and disbursement from each account of the Debtor (the "Receipt and Account Report").

D. This Interim Order is without prejudice to any party's rights, including but not limited to rights to seek a determination at a later date as to the necessity or continued adequacy of adequate protection for any collateral of the Lender or S.P. Richards. Further, this Interim Order is without prejudice to any party's rights to challenge the validity, priority, or extent of any lien, or to challenge the application of any rights of any party to any property under the Court's jurisdiction. All adequate protection payments are provisional and subject to accounting by the Lender upon notice and request by a party in interest.

E. This Interim Order shall not be deemed to have suspended of waived any of the respective rights or remedies of the Lender or S.P. Richards under the Bankruptcy Code, other applicable law, or any pre-petition loan and security documents. No failure or delay of any party to require strict performance of any provision of this Interim Order shall waive, affect, or diminish any right of any party thereafter to require strict compliance and performance therewith.

~~F. By the Debtor taking actions permitted to be taken by the Lender pursuant to this Interim Order, the Lender shall not: (1) be deemed to be in control of the operations or liquidation of Debtor; or (2) be deemed to be acting as a "responsible person" with respect to the operation, management, or liquidation of Debtor.~~

G. The Debtor is hereby authorized to execute any documents as may be required to carry out the provisions of this Interim Order.

~~H. The provisions of this Interim Order shall bind and inure to the benefit of the Debtor and each party with secured interests in any property of the Debtor and to their respective successors and assigns, including any chapter 7 trustee or other trustee or fiduciary hereafter appointed as a legal representative of the Debtor or with respect to property of the estate of the Debtor.~~

I. Notwithstanding the possible applicability of Bankruptcy Rules 6004 and 7062, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon entry.

J. A Final Hearing on the Motion is scheduled before this Court on June 16, 2011, at 10:30 a.m.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

MAY 19 2011

Dated: 5/19/11
Prepared by:
John H. Redfield
(Atty. No. 2298090)
Crane, Heyman, Simon, Welch Clar
135 South LaSalle Street, #3705
Chicago, IL 60603
P-312 641-6777
F-312-641-7114

Rev: 201100318_bko

| FIXED EXPENSES | | MONTHLY OPERATING BUDGET |
|---|---|---|
| INSURANCE STATE FARM | | |
| 1999 FORD | 80.98 | |
| 2001 FORD | 91.37 | |
| 1998 DODGE | 88.25 | |
| COMMERCIAL UMBRELLA | 74.58 | |
| WORKERS COMPENSATION | 75.16 | |
| BUSINESS POLICY | 162.75 | |
| HEALTH INSURANCE | | 573.09 |
| AETNA | 1834.00 | |
| AFLAC | 330.40 | |
| TRUCK EXPENSES | | 2164.40 |
| GASOLINE, LICENSE PLATES | | |
| REPAIRS, TIRES, BRAKES | | |
| LAST YEAR $55267.42 | 4605.62 | 4605.62 |
| COMMUNICATIONS | | |
| COMCAST | 281.47 | |
| 4- CELL PHONES SPRINT | 200.00 | |
| COMPUTER EXPENSES | | 481.47 |
| QUICK BOOKS | 35.00 | |
| TRADE SERVICES | 108.90 | |
| BRITANIA WEB SITE ETC | 956.00 | |
| BUILDING BUDGET | | 1099.90 |
| LAWN MAINT | 75.00 | |
| SNOW REMOVAL | 105.42 | |
| GARBAGE REMOVAL | 167.35 | |
| FIRE EXTINGUISHERS | 7.83 | |
| NICOR GAS | 343.67 | |
| COMED | 197.20 | |
| WATER BILL | 314.10 | |
| MAINTENANCE | 105.00 | |
| REAL ESTATE TAXES | | 1315.57 |
| 10090.66 PER YEAR | | |
| 1-Jun   5045.33 | | |
| 1-Sep   5045.33 | | |
| 6 MONTHS TILL NOV 16 TH | 1681.78 | 1681.78 |

BANK OF AMERICA

| CHASE CREDIT LINE  85901.69 | 2010.79 | |
| | 300.00 | |
| POSTAGE | 220.00 | |



EXHIBIT A

| | | | |
|---|---|---|---|
| ADVERTISING | 150.00 | | |
| PROFESSIONAL SERVICES | | | |
| ACCOUNTING | 250.00 | | |
| LEGAL | 250.00 | | |
| OFFICE SUPPLIES | 300.00 | | |
| | | 1170.00 | |
| TOTAL FIXED | | 13091.83 | |

VARIABLE EXPENSES BASED ON SALES

| | | | |
|---|---|---|---|
| LAST YEA  632244.7 | 52687.06 | 52687.06 | APPROXIMATELY @28% G.P. |
| AVERAGE | | | |
| SALES TAX PAYABLE | | | |
| LAST YEA  66714.64 | 5559.55 | 5559.55 | |
| AVERAGE | | | |
| APRIL 2011 CURRENT DUE | 4249.00 | | |

| | | |
|---|---|---|
| PAYROLL | MONTHLY | |
| DOUG ZURKO | 2520.00 | |
| COMMISSIONS | 500.00 | |
| DAVID OHARA | 2646.00 | |
| KEVIN GRIFFIN | 1153.85 | |
| LOU ZEITLER | 1153.85 | |
| TAXES | 7973.70 | |
| | 637.90 | |
| TOTAL VARIABLE | 66858.21 | |
| TOTAL EXPENSES | 79950.04 | |
| AVERAGE MONTHLY SALES | 82567.01 | |
| AVERAGE MONTHLY NET | 2616.97 | |